IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BRUCIE K. MOORE | § | CASE NO. 20-60040 |
|     Debtor | § | (Chapter 7) |
| | § | JUDGE LOPEZ |
| ------------------------------------------------ | | |
| CHRISTOPHER R. MURRAY AND | § | |
| ROBERT GUZMAN | § | |
|     Plaintiffs | § | |
| | § | |
| VS. | § | ADVERSARY NO. 21-_____ |
| | § | |
| BRUCIE K. MOORE | § | |
|     Defendant | § | |

**Plaintiffs' Original Complaint to Deny Discharge Pursuant to 11 U.S.C. §727(a)**

Christopher R. Murray, Trustee and Robert Guzman, Creditor (collectively "Plaintiffs") file this Original Complaint to Deny Discharge Pursuant to 11 U.S.C. §727(a), and in support thereof would show this Court as follows:

**Parties**

1. Plaintiff Christopher R. Murray is the Chapter 7 Trustee for the Bankruptcy Estate of Brucie K. Moore. Mr. Murray may be served through his Counsel of Record, Julie M. Koenig, Cooper & Scully, PC, 815 Walker, Suite 1040, Houston, Texas 77002; Julie.Koenig@cooperscully.com.

2. Plaintiff Robert Guzman is a creditor of Ms. Moore. Mr. Guzman may be served through his Counsel, Nathaniel Peter Holzer, Jordan, Holzer & Ortiz, PC, 500 North Shoreline Drive, Ste. 900, Corpus Christi, Texas 78401; pholzer@jhwclaw.com.

3. Defendant Brucie K. Moore is an individual who may be served at 15169 FM 1224, Goliad, Texas 77963 with a courtesy copy to her Counsel, Mr. D. Timothy Japhet, P.O. Box 2419, Corpus Christi, Texas 78403; djaphet9@hotmail.com.

## Jurisdiction and Venue

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334.

5. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

6. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (J), and (O).

7. The Plaintiffs consent to the entry of final orders or judgment by this Court.

## History and Background

A. **The Real Estate:**

**Arkansas:**

8. On December 27, 1988, the Defendant and her husband, Andrew Paul Moore received a Special Warranty Deed Creating Trust for a 120 acre property (the "120 Acres") in Polk County, Arkansas. The Special Warranty Deed was from Edna Scoggin and the 120 Acres was to be held in trust by the Defendant and her husband for the benefit of Brad Michael Hoover, a/k/a Brad Michael Moore.

9. On September 15, 2005, the Defendant and her husband formed Rock On M Ranch, LLC, a Texas limited liability company.

10. On March 24, 2006, the 120 Acres together with an additional 50 acre tract were transferred by the Defendant and her husband to Rock On M Ranch, LLC. The Warranty Deed transferring the property was signed by the Defendant and Andrew Moore both individually and as Trustees for Brad Andrew Moore and Emily Sarah Moore and signed individually by Brad Andrew Moore and Emily Sarah Moore.

11. On February 8, 2008, Rock On M Ranch, LLC forfeited its Charter with the Texas Secretary of State.

12. On January 8, 2017, Andrew Paul Moore died leaving the Defendant as his sole heir.

13. The Trustee contends that because Rock On M Ranch, LLC is now defunct and the Defendant is Andrew Moore's sole heir, the Defendant is the actual owner of the 120 Acres and the additional 50 acre tract.

14. On June 10, 2009, the Defendant and her sister, Brenda K. Medler, received a Deed of Gift whereby they were deeded interest in seven (7) tracts of land in Polk County, Arkansas totaling 308.51 acres. The Deed of Gift was from a Kale M. Maddux and the land was gifted jointly and severally to the Defendant and her sister.

**Texas**

15. In 2006, the Defendant and her husband began buying acreage in Goliad County, Texas, ultimately purchasing five tracts of property totaling 212.17 acres that became known as the Rock On M Ranch.

16. Geographically the five tracts are located in two distinct areas, one consisting of 53 acres containing the house and out buildings and the other consisting of 158.81 acres of pasture land.

17. On March 10, 2020, Capital Farm Credit obtained an appraisal of the property. The 53 acre tract was appraised at $549,000.00 and the 158.81 acre tract was appraised at $715,000.00.

B. **Jewelry and Artwork:**

18. Beginning in 2009, and continuing until 2016, Defendant and her husband purchased at least $261,255.03 in jewelry and $39,225.00 in sculptures and other artwork.

19. The jewelry included two Cartier watches, a Persian Turquois Necklace, a diamond brooch, a sapphire and diamond ring, and a seven carat diamond ring. The artwork and sculptures included works by Sebastian Stoddart, Gerald Balciar, and Joshua Tobey.

20. On May 3, 2019, Elizabeth McNally Pettus, Owner of Things Finer, a jewelry store in Santa Fe, New Mexico, responded to a Deposition by Written Questions from Plaintiff Guzman in connection with the Probate Estate of Andrew Moore (the "Response"). Attached to the Response was a list of jewelry, with pictures and purchase prices, of jewelry purchased by Andrew or the Defendant between January 1, 2009 and approximately April 25, 2019. On May 21, 2020, the Debtor executed an Assignment and Bill of Sale of Personal Property, Jewelry and Other Valuables (the "Assignment") in favor of Plaintiff Guzman. Specific articles of jewelry were listed in the Assignment.

C. **Embezzlement:**

21. Beginning in 2007, Defendant's husband began embezzling funds in the form of credit card charges and checks from companies he partially owned along with his business partner, Robert Guzman. At the time of his death, Andrew Moore had embezzled the following amounts:

    a. Robert Guzman                       $54,723.07[1]
    b. South Texas Hydrocarbons, Inc.      $1,613,584.00
    c. Unit Resources, Inc.                $119,000.00
    d. Trident Exploration                 $2,545,941.00[2]

---

[1] Mr. Guzman paid a total of $70,767.06 to cover Andrew Moore's personal charges on the South Texas Hydrocarbons American Express account in March of 2016. Mr. Guzman was the primary cardholder and American Express froze not only the South Texas Hydrocarbons account but also Mr. Guzman's personal account until the outstanding bill was paid. Mr. Moore subsequently repaid a portion of the illegal charges leaving a balance due of $54,723.07.

[2] Of which $2,531,351 were checks issued to the Defendant for "services rendered" to the company although she did not work for or render services to that company.

22. Shortly after the embezzlement scheme was uncovered Defendant's husband died. Mr. Guzman sued Defendant and asserted she knew about and participated in the thefts, that she received the benefit of the thefts - jewelry, furs, travel. Defendant never worked for Trident, South Texas, or Unit Resources, yet received significant sums directly from these companies.

23. After several years of contentious litigation in the probate court, on June 24, 2020, the Defendant individually and as Executor for the Estate of Andrew P. Moore, Deceased, entered into a settlement agreement and a Final Judgment with Plaintiffs Robert Guzman, South Texas Hydrocarbons, Inc.; Unit Resources, Inc.; and Trident Exploration (the "Judgment"). Pursuant to the judgment Robert Guzman was awarded a judgment against the Defendant in the amount of $1,000,000 and against the Defendant as Independent Executor of the Estate of Andrew P. Moore, Deceased and against the Estate of Andrew P. Moore, Deceased in the amount of $2,000,000, together with pre and post-judgment interest. Under the settlement agreement, Defendant agreed to deliver certain property to Mr. Guzman, including a list of 64 items of jewelry and other valuables, all of which were purchased with the money stolen from Mr. Guzman. Subsequently Defendant gave Mr. Guzman an assignment of some, but not all of the items she had promised to deliver. But she never did turn over any of it. Mr. Guzman then filed a Motion to Enforce the settlement, and right before the hearing on that motion, the Defendant filed bankruptcy, in which she claimed Mr. Guzman's property as her exempt property.

**D.** **Chapter 7 Filing:**

24. On July 6, 2020, the Defendant filed a Voluntary Petition under Chapter 7 of Title 11 of the United States Code. Although she filed as a pro se debtor, Mr. Timothy D. Japhet

assisted her in preparing the voluntary petition, schedules, statement of financial affairs and other documents. Mr. Japhet's assistance in preparing these documents was fully disclosed to the Court.

25. On October 16, 2020, Mr. Japhet filed a Motion and Order for Admission *Pro Hac Vice* to formally represent the Defendant in her Chapter 7 Proceeding. That motion was granted on November 13, 2020 at Docket No. 51.

26. On July 21, 2020, the Defendant filed her original schedules and statement of financial affairs at Docket Nos. 10 - 18.

27. On Schedule A/B she listed the following:

   a. Home and Acreage valued at $431,000;

   b. Four vehicles and a boat valued at $26,500;

   c. Collectibles of value described as "some gifted items" valued at $2,000;

   d. One snake defender valued at $300;

   e. "Several items of jewelry gifted to me by deceased husband" valued at $50,000;

   f. A checking account at Frost Bank with $500;

   g. An interest in Trident Exploration GP; South Texas Hydrocarbons, Inc., and Unit Resources, Inc.; and,

   h. 17 donkeys, 6 cattle and 7 horses valued at $12,000.

28. On Schedule D the Defendant lists Capital Farm Credit with a claim of $409,000 secured by "house and ranch < 100 acres".

29. Plaintiff Robert Guzman is the only creditor listed on Schedule E/F.

30. On October 30, 2020, the Defendant filed an Amended Schedule A/B where she changed the following:

      a. Increased the value of the four vehicles and boat from $26,500 to $53,000;

      b. Changed and increased the Collectibles of Value to "gifted paintings by unremarkable artists valued at $4,000;

      c. Added a pistol for an additional $300;

      d. Changed her jewelry to "list is attached" and decreased the value from $50,000.00 to $15,395.00;

      e. Increased the balance in her Frost Bank account to $5,000;

      f. Added a claim for "wrongful death case based on spouse's death. Attached. Maximum value is $250,000 - 40%" with a value of $150,000;

      g. Added "Money currently in the registry of the Court in the Probate case totaling around $130,000" with a value of $130,000;

      h. Added a "non-working Peterbuilt Tractor" valued at $10,000; and,

      i. Changed the farm animals to "10 cow/calf pairs ($1,000); 6 donkeys ($350), 7 very old horses ($200) with a value of $13,500.

      j. The Schedule A/B value of all of Defendant's real and personal property was disclosed as $836,945.00.

31. On January 4, 2021, SJA Appraisal Services went to the Defendant's ranch and appraised all of her personal property. According to the appraisal, the Defendant had personal property valued at $119,665.00 which included multiple pieces of previously undisclosed farm equipment, sculptures and paintings by known artists, twelve guns, power tools, and other miscellaneous items.

32. On February 26, 2021, Trustee's Counsel took the Defendant's 2004 examination where the jewelry and Arkansas properties were discussed. Despite a business records affidavit

from Things Finer in Santa Fe, New Mexico, Defendant denied ever owning any of the jewelry purchased from that store.

33. On March 2, 2021, the Defendant again amended her Schedule A/B where **for the first time** Defendant disclosed the existence of the properties she owns with her sister in Polk County, Arkansas with a total value for all four parcels of only $9,750.00 or $31.60 per acre.[3] The property in the name of Rock On M Ranch, LLC was not disclosed.

34. Despite the very detailed appraisal, Defendant did not amend any other portion of her Schedule A/B to disclose the additional assets.

35. On March 22, 2021, the Court entered an Order Sustaining Objection to Debtor's Exemption filed by creditor Robert Guzman. As part of the Order, the Court sustained the objection to the Debtor's Exemption of jewelry listed on Amended Schedule C at Docket No. 42 valued at $15,395.00.

36. On April 8, 2021, Defendant brought the non-exempt jewelry to Nathaniel Pete Holzer's office to turn it over to Plaintiff Guzman. Of the sixty-four items of jewelry listed in the Assignment, Defendant failed to turn over fourteen pieces of jewelry, the majority of which were purchased from Things Finer. These items of jewelry are:

   a. Semi-precious (light blue and taupe) necklace - notation "could not find it";
   b. 18 carat black diamond with skull beads and pearl necklace purchased from Things Finer on December 1, 2011, for $2,600.00;
   c. 18 carat coral and diamond skull purchased from Things Finer on May 8, 2012 for $3,875.00;

---

[3] The four parcels disclosed were 308.51 acres, the same amount of acreage as listed on the Deed of Gift discussed in paragraph 17, supra.

d.  14 carat diamond bee brooch purchased from Things Finer on December 24, 2012, for $400.00;

e.  18 carat necklace with black enamel, coral skulls and diamonds purchased from Things Finer on December 24, 2012 for $13,410.00;

f.  18 carat coral skull ring with diamonds purchased from Things Finer on December 4, 2012 for $3,725.00;

g.  18 carat floral brooch with diamonds purchased from Things Finer on December 24, 2012 for $12,000.00;

h.  18 carat pearl and ruby Art Nouveau ring purchased from Things Finer on July 22, 2013 for $2,000.00;

i.  18 carat mouse pin with ruby eyes purchased from Things Finer for $700.00;

j.  18 carat yellow gold diamond earrings containing a total of 14 carats of diamonds from Things Finer on April 14, 2014, for $15,850.00;

k.  Pair of omega backed platinum and diamond earrings with 38 baguette diamonds with a total weight of 3 carats and 122 brilliant cut diamonds with a total weight of 5 carats appraised by Things Finer on April 22, 2014, with a replacement cost of $15,000.00;

l.  14 carat white gold foliate diamond stud earrings purchased from Things Finer on December 24, 2014 for $425.00;

m.  Platinum diamond earrings for a total diamond carat weight of 8 carats purchased from Things Finer on April 14, 2015 for $12,500.00; and,

n.  Cultured pearl and quartz bead necklace purchased from Things Finer on December 24, 2015, for $550.00.

## Objections to Discharge

**A.**     **11 U.S.C. §727(a)(2)(A):**

37.     11 U.S.C. §727(a)(2)(A) bars the discharge of a debtor who:

> "with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed - property of the debtor, within one year before the date of the filing of the petition;"[4]

38.     In the instant case the Defendant has transferred or concealed the existence of a large amount of jewelry, artwork and other personal property purchased between 2009 and 2016. Specifically, Defendant has transferred and/or is concealing the existence of two Cartier watches, a diamond brooch, Persian turquoise jewelry, a large sapphire and diamond ring, the jewelry listed in paragraph 37 a - n, and countless other items of jewelry.

39.     Further, the Defendant has transferred and/or is concealing the existence of a sculpture entitled "Breakin Out" by Gerald Balcair, a sculpture entitled "The Enlightened One" by Joshua Tobey, and countless other pieces of art.

40.     Finally, the Defendant concealed the existence of 308.51 acres of land owned jointly with her sister in Polk County, Arkansas and 170 acres of land held in the name of the defunct Rock On M Ranch, LLC.

41.     The Debtor's discharge should be denied pursuant to 11 U.S.C. §727(a)(2)(A).

**B.**     **11 U.S.C. §727(a)(4)(A):**

42.     11 U.S.C. §727(a)(4)(A) bars the discharge of a debtor who:

> "knowingly and fraudulently, in or in connection with the case -
> (A) made a false oath or account…."[5]

---

[4] 11 U.S.C. §727(a)(2)(A).
[5] 11 U.S.C. §727(a)(4)(A).

43. In the instant case Defendant deliberately made a false oath when she undervalued her property in Goliad, Texas and her personal property assets in not only the original Schedule A/B but in the amendments on October 30, 2020 and on March 2, 2021. When Defendant finally disclosed some, but not all, of the property in Polk County, Arkansas, she again made a false oath by deliberately undervaluing that property as well.

44. In the 341(a) Meeting Questionnaire and Sworn Testimony provided to the Trustee, Defendant presented multiple false oaths:

    a. Question 14 - Defendant made a false oath when she claimed to have accurately listed everything that she owns including real estate, personal property and money in her Bankruptcy Schedules. As discussed at length, supra, Defendant failed to list multiple properties in Arkansas, her jewelry, her collectibles, farm equipment and the balance in her bank account.

    b. Question 19 - Defendant again made a false oath when she represented that in the last 10 years she has not owned any interest in real estate anywhere that is **NOT** listed in her schedules despite the fact that she failed to disclose the multiple parcels of property in Arkansas.

45. At the 341 meeting held on October 15, 2020, the Debtor admitted to having a Cartier watch. However, at the 341 meeting on November 19, 2020, Defendant made a false oath when she claimed to have never received a Cartier watch and that her husband did not own one either.

46. Defendant made multiple false oaths in her 2004 examination whereby she denied purchasing jewelry and art work despite being provided with copies of checks bearing her signature, phone number and/or driver's license number.

47. Finally, Defendant made a false oath when she informed the Plaintiffs that she did not own any of the items listed on the assignment, numbers 52 - 58, 60, 62 or 64.

48. The Debtor's discharge should be denied pursuant to 11 U.S.C. §727(a)(4)(A).

**Wherefore, Premises Considered,** Christopher R. Murray and Robert Guzman, Plaintiffs herein, pray that this Court deny the Defendant Brucie Kaline Moore a discharge pursuant to 11 U.S.C. §727(a)(2)(A) and (a)(4)(A), and for such other and further relief, at law and in equity, as this Court deems just.

Respectfully submitted this 16th day of April, 2021.

| **Cooper & Scully, PC.** | **Jordan, Holzer & Ortiz, PC.** |
|---|---|
| By: /s/ *Julie M. Koenig* | By: /s/ Nathaniel Peter Holzer |
| Julie M. Koenig | Nathaniel Peter Holzer |
| SBA# 14217300 | SBA# 00793971 |
| 815 Walker, Suite 1040 | 500 North Shoreline Blvd., Suite 900 |
| Houston, Texas 77002 | Corpus Christi, Texas 78401-0341 |
| 713/236-6825 | 361/884-5678 |
| Attorneys for Christopher R. Murray, Trustee | Attorneys for Robert Guzman, Plaintiff |